UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERALD MAHER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EMMANUEL G. RODRIGUEZ, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-05630-EDL<br><br>**REPORT AND RECOMMENDATION RE: REMAND; ORDER REASSIGNING CASE** |

　　　　On December 9, 2015, Defendant Joyce Rodriguez, pro se, removed this case from state court. As the parties have not yet consented to this Court's jurisdiction, the Court issues this Report and Recommendation and reassigns this case to a district judge. For the reasons set forth below, the Court recommends remanding this matter to state court.

　　　　"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

　　　　The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether

removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

On March 4, 2016, Plaintiff filed a case management conference statement showing that Defendant removed this action after the entry of final judgment by the state court. (Dkt. 10 Ex. A.) Therefore, Defendant's removal was untimely.

In addition, Defendant Joyce Rodriguez fails to meet the requirement under 28 U.S.C. § 1446(b)(2)(A) that all defendants must join in a notice of removal. There is no indication that the other defendant in this action, Emmanuel Rodriguez, joins in the notice of removal. Remand, therefore, is appropriate on the ground that all defendants have not joined in the notice of removal.

Defendant also fails to meet the requirement under 28 U.S.C. § 1446(a) that the notice of removal contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." No copies of any process, pleadings or orders are attached to the notice. Moreover, the grounds for removal are not discernible from Defendant's notice.

Accordingly, the Court recommends that this case be remanded forthwith to the Alameda County Superior Court. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: March 8, 2016

ELIZABETH D. LAPORTE
United States Magistrate Judge